IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZACHERY THANIEL LANGLEY                    CASE NO.:

PLAINTIFF,

vs

VERIZON WIRELESS.

DEFENDANT.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ZACHERY THANIEL LANGLEY ("Plaintiff"), by and through undersigned counsel, hereby brings this action against Defendant, VERIZON WIRELESS ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

1. This is an action for violations of the Fair Labor and Standards Act, 29 U.S.C. 201 et. seq. ("FLSA") and Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. Section 2601 et. seq. This court has jurisdiction of this action.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial amount of the events giving rise to this action arose within the judicial district.

### PARTIES

3. Plaintiff, ZACHERY THANIEL LANGLEY, is a resident of Tampa, Florida.

4. Defendant is authorized and doing business within this judicial district.

5. Defendant's state corporate office is located in Tampa, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent.

7. Plaintiff has hired the undersigned attorney and agreed to pay all fees and costs related to this matter.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an employee of Defendant as defined by the Fair Labor Standards Act ("FLSA") and as defined by the Family Medical Leave Act ("FMLA").

10. Defendant was the "employer" of Plaintiff at all times at issue and relevant to the claims below as such is defined under the FLSA and FMLA.

11. At all times relevant hereto, Defendant engaged in the production of goods for commerce within the meaning of the FLSA and relevant regulations thereto and subject to the individual coverage of the FLSA.

12. At all times material hereto, Defendant was and continues to be an enterprise engaged in the providing of services for commerce within the meaning of the FLSA.

13. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

14. Plaintiff qualified for FMLA leave based on the terms and requirements of the FMLA.

## FACTS

15. Plaintiff began working for Defendant in January of 2013. Plaintiff's job description was retail sales representative for Defendant.

16. Defendant was terminated on July 8, 2014. Defendant did not provide a reason for the termination at the time of the termination.

17. Plaintiff received an hourly wage (plus commission subject to specific conditions).

18. Plaintiff was provided a company phone and was required to read every message that was transmitted through a third party application.

19. The messages were very frequent and Plaintiff read every one of them as required.

20. Plaintiff was not paid for the time reading the messages that came multiple times a day.

21. This was required of Plaintiff during his entire tenure with Defendant.

22. Plaintiff notified the human resource department and his supervisor that he could not review all of the messages when he was not at work because he was in school and had other requirements.

23. Defendant's supervisor asserted that Plaintiff was required to review every message when it is transmitted. It was a requirement of Plaintiff's position.

24. Plaintiff notified human resources that this was work, suffering for Defendant, and he was not being provided pay for such time.

25. Defendant had a policy that all employees had to notify Defendant of all time worked after hours for payment. However, Plaintiff's supervisor asserted no payment would be provided for the afterhours review of the multiple, daily

messages but review of such messages were specifically required for retention of the position with the company.

26. From the first to the last day of work, Plaintiff suffered for his employer without payment through the review of the multiple work messages transmitted through the company application on the company phone.

27. Plaintiff is owed any and all unpaid regular pay and overtime pay from the first for all of the hours discussed above.

28. After Plaintiff demanded pay for the afterhours work to human resources, Plaintiff's supervisor, Shane Carter started treating Plaintiff in a hostile manner including yelling in Plaintiff's face. The hostile treatment continued from that moment forward.

29. Plaintiff complained to human resources regarding Mr. Carter's harassment and hostile treatment toward Plaintiff in response to Plaintiff's conversation with human resources about unpaid work. Nothing changed after

30. Plaintiff suffered from pre-ventricular contractions ("PVC") while working for Defendant.

31. On June 3, 2015, Plaintiff had emergency heart surgery.

32. A few days prior to the surgery, Plaintiff notified his supervisor and asked for FMLA leave.

33. Plaintiff's supervisor, Chris Halas refused the FMLA and explained to Plaintiff that he had enough paid-time-off for the surgery and recovery so there was no need for FMLA leave.

34. Plaintiff did not request FMLA leave from human resources after the conversation with his supervisor.

35. Plaintiff used his paid-time-off for his heart surgery.

36. Plaintiff returned to work after the surgery with a medical restriction of no stress. Plaintiff missed five days of work.

37. On the first day back to work, one of Defendant's customers came to Plaintiff yelling about an issue with Defendant.

38. In response, Plaintiff went to his supervisor and reminded him of the "no stress" medical restriction. Defendant responded that Plaintiff had to deal with the customer and could not have any special treatment.

39. Plaintiff was required to deal with high stress customers even though another employee could have taken those customers for a short period of time.

40. After two days back to work, Plaintiff asked for FMLA leave because he was readmitted to the hospital. Plaintiff called, Melissa Koelb, in human resources, multiple times and left multiple messages but he never received any return call.

41. Plaintiff notified his supervisor of the readmission into the hospital and he asserted he wanted FMLA leave. In response, the supervisor asserted that Plaintiff would receive his time off but no discussion regarding FMLA leave.

42. Plaintiff had previously been granted vacation time for July 3, 2014. Plaintiff took that day off and returned on his next work day which was July 8, 2014.

43. On July 9, 2014, Plaintiff was terminated and no reason was provided to Plaintiff.

44. To date, Plaintiff never received a response regarding his request for FMLA leave.

**COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT**

45. Plaintiff realleges and readopts the allegations above, specifically paragraphs One (1) through forty-four (44) of this Complaint as though fully set forth herein.
46. During the statutory period, Plaintiff worked for the benefit of Defendant and was not compensated as required by the Fair Labor Standards Act.
47. Plaintiff was not paid any regular pay hours or overtime pay for multiple hours worked for Defendant during the tenure of his employment.
48. As a result of the foregoing, Plaintiff suffered loss of wages and other damages.
49. Defendant willfully violated the law within the meaning of 29 U.S.C. Section 255(a) and relevant law and regulations.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial;

(b) That this court accept jurisdiction over the case;

(c) The Court enter a judgment that Defendant willfully violated the Fair Labor Standards Act.

(d) Compensation for lost wages, benefits, liquidated damages, all costs and attorney fees, and other remuneration for Plaintiff on the above allegations;

(e) For such further relief as the Court deems just and equitable.

**COUNT II: VIOLATION OF THE FAMILY MEDICAL LEAVE ACT**

50. Plaintiff realleges and readopts the allegations above, specifically paragraphs One (1) through Forty-Four (44) of this Complaint as if set forth fully herein.
51. Defendant failed to comply with the applicable statutes and regulations of the FMLA by refusing Plaintiff FMLA.

52. Plaintiff was entitled to leave as defined by FMLA, 29 USC Section 2612(1).

53. Defendant denied Plaintiff the leave for which he was entitled under FMLA.

54. Plaintiff lost wages because of Defendant's violation of the FMLA.

55. After Plaintiff requested FMLA, he was terminated from his position.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial;

(b) That this court accept jurisdiction over the case;

(c) The Court enter a judgment that Defendant willfully violated the Fair Medical Leave Act.

(d) Compensation for lost wages, benefits, liquidated damages, compensatory damages, all costs and attorney fees, and other remuneration for Plaintiff on the above allegations;

(e) For such further relief as the Court deems just and equitable.

Dated this 18 of ~~October~~ November, 2015

Respectfully submitted,

*Sara Blackwell*

Sara Blackwell
Fl. Bar. No. 90443
The Blackwell Firm
sara@theblackwellfirm.com
1800 2nd St. Suite 882
Sarasota, Fl. 34236
(941) 961-3046
Attorney for Plaintiff
Trial Counsel