**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ZACHERY THANIEL LANGLEY,

    **Plaintiff,**

vs.                                              Case No.: 8:15-cv-02712-T-33EAJ

CELLCO PARTNERSHP d/b/a
VERIZON WIRELESS,

    **Defendant.**
_____/

## DEFENDANT'S ANSWER AND DEFENSES

Defendant, CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS ("Defendant"), by and through its undersigned attorneys, hereby responds to the Amended Complaint and Demand for Jury Trial (Dkt. No. 5; Amended Complaint) filed by Plaintiff, ZACHERY THANIEL LANGLEY ("Plaintiff"). Defendant reserves the right to supplement or amend its response as its investigation is ongoing. Defendant responds to the allegations in the Amended Complaint as follows:

### JURISDICTION AND VENUE

1.    Defendant admits that Plaintiff purports to allege violations of the Fair Labor Standards Act and the Family and Medical Leave Act of 1993 in paragraph 1 of the Amended Complaint, but Defendant denies that Plaintiff has or can state a cause of action against Defendant. Defendant also admits that this Court has subject matter jurisdiction over this action. Answering further, Defendant denies any remaining allegations in this paragraph as well as any allegation of wrongdoing which is pled, implied in, or may be inferred from

this paragraph of the Amended Complaint.

2. Defendant admits that the venue is proper in this Court. Answering further, Defendant denies any allegation of wrongdoing which is pled, implied in, or may be inferred from paragraph 2 of the Amended Complaint.

## PARTIES

3. Defendant is without knowledge as to the allegations contained in paragraph 3 of the Amended Complaint and therefore denies the same.

4. Defendant admits the allegations contained in paragraph 4 of the Amended Complaint for jurisdictional purposes only.

5. Defendant denies the allegations in paragraph 5 of the Amended Complaint.

## GENERAL ALLEGATIONS

6. Defendant denies the allegations contained in paragraph 6 of the Amended Complaint.

7. Defendant is without knowledge as to the allegations contained in paragraph 7 of the Amended Complaint and therefore denies the same.

8. Defendant makes no response to Plaintiff's demand for a jury trial because no response is required. To the extent a response is required to the allegations in paragraph 8 of the Amended Complaint, Defendant denies the same.

9. Defendant is without knowledge as to Plaintiff's intended meaning of the phrase "[a]t all times material hereto," and therefore, Defendant denies the allegations contained in paragraph 9 of the Amended Complaint.

10. Defendant is without knowledge as to Plaintiff's intended meaning of the phrase "at all times at issue and relevant to the claims below," and therefore, Defendant denies the allegations contained in paragraph 10 of the Amended Complaint.

11. Defendant is without knowledge as to Plaintiff's intended meaning of the phrases "[a]t all times material hereto" and "relevant regulations thereto" and therefore, Defendant denies the allegations contained in paragraph 11 of the Amended Complaint.

12. Defendant is without knowledge as to Plaintiff's intended meaning of the phrase "[a]t all times material hereto," and therefore, Defendant denies the allegations contained in paragraph 12 of the Amended Complaint.

13. Defendant is without knowledge as to Plaintiff's intended meaning of the phrase "[a]t all times material hereto," and therefore, Defendant denies the allegations contained in paragraph 13 of the Amended Complaint.

14. Defendant denies the allegations in paragraph 14 of the Amended Complaint.

## **FACTS**

15. Defendant hired Plaintiff on January 28, 2013, as a retail sales representative. Answering further, Defendant denies the remaining allegations in paragraph 15 of the Amended Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Amended Complaint.

17. Defendant is without knowledge as to Plaintiff's intended meaning of the phrase "subject to specific conditions," and therefore, Defendant denies the allegations contained in paragraph 17 of the Amended Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Amended Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Amended Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Amended Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Amended Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Amended Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Amended Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Amended Complaint.

25. Defendant's policies speak for themselves. Answering further, Defendant denies the remaining allegations in paragraph 25 of the Amended Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Amended Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Amended Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Amended Complaint.

30. Defendant is without knowledge as to the allegations contained in paragraph 30 of the Amended Complaint and therefore denies the same.

31. Defendant is without knowledge as to the allegations contained in paragraph 31 of the Amended Complaint and therefore denies the same.

32. Defendant denies the allegations contained in paragraph 32 of the Amended Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Amended Complaint.

34. Defendant admits that Plaintiff never requested FMLA leave. Answering further, Defendant denies the remaining allegations in paragraph 34 of the Amended Complaint.

35. Defendant is without knowledge as to the allegations contained in paragraph 35 of the Amended Complaint and therefore denies the same.

36. Defendant is without knowledge as to the allegations contained in paragraph 36 of the Amended Complaint and therefore denies the same.

37. Plaintiff has failed to provide sufficient information for Defendant to admit or deny this allegation. Specifically, Defendant is without knowledge as to the period of time referenced in paragraph 37 of the Amended Complaint as well as Plaintiff's intended meaning of the term "one of Defendant's customers" and therefore Defendant denies the allegations contained in this paragraph of the Amended Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Amended Complaint.

39. Plaintiff has failed to provide sufficient information for Defendant to admit or deny this allegation. Specifically, Defendant is without knowledge as to the period of time referenced in paragraph 39 of the Amended Complaint as well as Plaintiff's intended meaning of the term "high stress customers" and therefore Defendant denies the allegations contained in this paragraph of the Amended Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Amended Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Amended Complaint.

42. Defendant admits that Plaintiff worked on July 8, 2014. Answering further, Defendant denies the remaining allegations in paragraph 42 of the Amended Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Amended Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Amended Complaint.

### COUNT I:  VIOLATION OF THE FAIR LABOR STANDARDS ACT

45. In response to the allegations contained in paragraph 45 of the Amended Complaint, Defendant repeats its responses to paragraphs 1 through 44 of the Amended Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Amended Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Amended Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Amended Complaint.  Furthermore, Defendant denies that Plaintiff is entitled to any of the relief sought in the "wherefore" clause contained in the unnumbered paragraph that follows paragraph 49 of the Amended Complaint.  Defendant further denies that Plaintiff is entitled to damages from Defendant.  Defendant denies any allegation of wrongdoing which is pled, implied in, or may be inferred from, this and any other paragraph of the Amended Complaint.

### COUNT II:  VIOLATION OF THE FAMILY MEDICAL LEAVE ACT [sic]

50. In response to the allegations contained in paragraph 50 of the Amended Complaint, Defendant repeats its responses to paragraphs 1 through 44 of the Amended

Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Amended Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Amended Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Amended Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Amended Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Amended Complaint.  Furthermore, Defendant denies that Plaintiff is entitled to any of the relief sought in the "wherefore" clause contained in the unnumbered paragraph that follows paragraph 55 of the Amended Complaint.  Defendant further denies that Plaintiff is entitled to damages from Defendant.  Defendant denies any allegation of wrongdoing which is pled, implied in, or may be inferred from, this and any other paragraph of the Amended Complaint.

## DEFENSES

Defendant alleges the following defenses and reserves the right to plead additional defenses as may be revealed during the course of discovery.  Defendant denies all allegations in the Amended Complaint that have not been specifically admitted.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted under any theory.  In

particular, as a matter of law, the Amended Complaint does not contain sufficient allegations of ultimate fact, as opposed to conclusory allegations, to allege a violation of the FLSA or the FMLA. Specifically, under the FLSA, Plaintiff was properly paid for all hours worked. Any alleged overtime or other hours worked are not compensable under the FLSA, as Defendant had no knowledge of the work performed and did not suffer or permit the work. In addition, any work Plaintiff allegedly performed was de minimis. With respect to the FMLA claim, Plaintiff cannot state any claim of interference as he never made any request for medical leave or any other leave under the FMLA. Plaintiff's employment was being reviewed for termination, due to his misconduct, by the time he now contends he sought FMLA leave. Plaintiff has not been denied any benefits under the FMLA to which he was entitled. Plaintiff's passing references to a hostile manner, retaliation, and an accommodation are insufficient to state a claim as a matter of law, as Plaintiff has failed to the comply with conditions precedent and the Federal Rules of Civil Procedure in pleading any such claim. Plaintiff also has not suffered any harm as a result of any alleged violation of his rights under the FLSA or the FMLA. Plaintiff's Amended Complaint also is an improper shotgun pleading.

## SECOND DEFENSE

To the extent Defendant has taken any employment action against Plaintiff, which Plaintiff alleges constitutes a violation of the FMLA, he is not entitled to relief because Defendant's actions were based on legitimate reasons unrelated to Plaintiff's exercise of or attempt to exercise any rights protected under the FMLA and would have been taken even if

he had been continuously employed and not allegedly sought to take leave. In other words, even if Plaintiff had not purportedly sought to take leave under the FMLA, his employment would have been terminated.

### THIRD DEFENSE

To the extent Plaintiff has failed to fulfill any or all conditions precedent to bringing this action, he is not entitled to relief.

### FOURTH DEFENSE

To the extent that Plaintiff's claims are barred by the statute of limitations, he is not entitled to relief.

### FIFTH DEFENSE

All actions taken by Defendant with regard to Plaintiff were for legitimate reasons and Defendant has not willfully, intentionally, or with specific intent, violated any of Plaintiff's rights under any statute or provision under which Plaintiff's alleged causes of action could be brought. Indeed, Defendant acted with reasonable grounds for believing that its actions did not violate any laws. Defendant has neither taken nor ratified any action with improper purpose or intent, but rather has acted in good faith, has not authorized any action prohibited by law, has not committed any unlawful employment practice, and has not engaged in any unlawful conduct. Additionally, Defendant's actions were not motivated by any form of improper intent on the part of Defendant. Defendant's actions were justified and were the result of reasonable factors and bona fide occupational business requirements necessary to the performance of business functions.

### SIXTH DEFENSE

Defendant has made good faith efforts to prevent any improper conduct by any of its employees and exercised reasonable care to prevent and correct promptly any improper behavior or any other improper treatment that Plaintiff might encounter while in Defendant's employ. To the extent that Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant or to avoid harm otherwise, Defendant is not liable and Plaintiff is barred from recovery. Any damages that Plaintiff may have suffered, which Defendant continues to deny, were the direct and proximate result of Plaintiff's own conduct, Plaintiff's failure to report, or follow company policies requiring reporting of, any improper conduct, and/or Plaintiff's failure to take advantage of the preventive or corrective opportunities provided by Defendant or to avoid harm otherwise. Therefore, Defendant is not liable and Plaintiff is barred from recovering any damages or other relief from Defendant.

### SEVENTH DEFENSE

Plaintiff may not recover liquidated damages because (1) Defendant and all of its officers, directors, managers, or agents acted at all times in good faith and did not commit any willful violation of any of the provisions of the FLSA and/or FMLA; (2) Defendant (including its officers, directors, managers, and agents) did not authorize or ratify any willful violation with respect to Plaintiff; and (3) Plaintiff has failed to plead sufficient facts to support recovery of such damages. Accordingly, Defendant's liability is limited by 29 U.S.C. §§ 260, 2617.

**EIGHTH DEFENSE**

Defendant acted in good faith or with reasonable grounds for believing that its actions did not violate any laws. All actions taken with respect to Plaintiff by Defendant were based on Defendant's good-faith belief in their legality. Plaintiff has received full compensation for all hours worked. Moreover, Defendant affirmatively pleads, pursuant to 29 U.S.C. §§ 259, 2617, that any act(s) and/or omission(s) which may now be found to be in violation of the rights under federal law were not willful, but occurred in good faith, and any such act(s) or omission(s) were taken in conformity with and in reliance on an interpretation or the plain language of federal or state law.

**NINTH DEFENSE**

To the extent that Plaintiff engaged in misconduct, which Defendant did not discover until at or after the date Plaintiff was terminated, Plaintiff is barred from recovery of damages as a result of Plaintiff's misconduct.

**TENTH DEFENSE**

To the extent any alleged action taken by Defendant, including the purported failure to pay Plaintiff compensation, resulted from fraudulent conduct of Plaintiff or misrepresentations or omissions by Plaintiff, the claims of Plaintiff are barred by the doctrines of estoppel and/or waiver.

**ELEVENTH DEFENSE**

Plaintiff has an obligation to utilize reasonable diligence to mitigate his damages, including, but not limited to, securing comparable employment elsewhere. To the extent that

Plaintiff has earned income from employment, has not earned income due to his failure to use diligence in seeking and/or maintaining employment, has taken a voluntary act to limit his employment or opportunity for continued employment, or otherwise failed to mitigate his damages, Defendant is not liable to Plaintiff for such sums that he did or could have earned or otherwise mitigated.

WHEREFORE, Defendants respectfully requests that the Court enter judgment in their favor; award Defendant the costs incurred in defending this action, including reasonable attorney's fees; and provide such other and further relief as the Court deems just and appropriate.

Dated this 24th day of March, 2016.

Respectfully submitted,

s/*Sacha Dyson*
GREGORY A. HEARING
Florida Bar No.: 817790
ghearing@tsghlaw.com
SACHA DYSON
Florida Bar No.: 509191
sdyson@tsghlaw.com
THOMPSON, SIZEMORE, GONZALEZ
& HEARING, P.A.
201 N. Franklin St., Suite 1600
Post Office Box 639 (33601)
Tampa, Florida, 33602
Tel:  (813) 273-0050
Fax:  (813) 273-0072
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of March, 2016, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the following: Sara Blackwell, Attorney for Plaintiff.

                                      **s/*Sacha Dyson*** 
                                      Attorney